OPINION
Defendant-appellant, Garrod Dangler ("the appellant"), appeals from a judgment of sentence of the Putnam County Court of Common Pleas. For the following reasons, we affirm the judgment of the trial court.
The pertinent facts and procedural history are as follows. On March 7, 2001, the appellant's mother contacted the Putnam County Sheriff's Office in reference to her son possibly stealing her check book and writing several bad checks. Later, when a Sheriff's Deputy spoke with the appellant about the theft of checks and the forgery, the appellant stated that he stole the checks and forged them.
On the 25th of that month, officers from the Ottawa Police Department were dispatched to investigate a possible rape. The officers spoke to the 15-year-old alleged victim and her mother. The alleged victim had been intoxicated the night before when spending the night with friends. The alleged victim reportedly passed out and when she awoke she found the 21-year-old appellant passed out on top of her.
On March 29, 2001, the appellant was at the Putnam County Sheriff's Office for an interview pertaining to the forged checks. The appellant was taken into custody and the arresting officer located several unknown pills, two marijuana pipes, a package of zigzag papers, and a small weighing scale on the defendant's person. On May 22, 2001, a forensic scientist with BCII examined the evidence which revealed, among other things, one .14 gram tablet of Oxycodone, a Schedule II controlled substance.
In Case Number 01-CRI-31, the Putnam County Grand Jury returned a four count indictment against the appellant for three counts of Uttering, a fifth degree felony in violation of R.C. 2913.31(A)(3), and one count of Theft, a fifth degree felony in violation of R.C. 2913.71. The appellant pled guilty to all four offenses on July 16, 2001. The trial court accepted the plea and found the appellant guilty as to each offense. The court then ordered a pre-sentence report and released the appellant on bond.
In Case Number 01-CRI-54, the Putnam County Grand Jury issued a four count indictment against the appellant for one count of Sexual Battery, a felony of the third degree in violation of R.C.2907.03(A)(3); one count of Rape, a felony of the first degree in violation of R.C. 2907.02(A)(2); one count of Theft, a felony of the fifth degree in violation of R.C.2913.02(A)(3); and one count of Aggravated Possession of Drugs, a felony of the fifth degree in violation of R.C. 2925.11(A) and (C)(1). On October 9, 2001, the appellant pled guilty to aggravated possession of drugs and the state dismissed the theft offense. On October 30, 2001, the appellant then entered a plea of guilty to sexual battery in exchange for the state's dismissal of the rape offense.
A sentencing hearing was held on all matters on November 16, 2001. In Case No. 01-CRI-31, the trial court imposed a term of eleven months each for the three uttering offenses and the theft offense, with the sentences to be served concurrently. In Case No. 01-CRI-54, the court imposed a term of five years for the sexual battery offense and eleven months for the aggravated possession of drugs offense, with the sentences to be served consecutively to each other but concurrently with Case No. 01-CRI-31. The trial court also found that the appellant was not a sexual predator but was a sexually oriented offender.
The appellant now appeals presenting the following two assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court committed an error of law by imposing the maximum sentence.
In his first assignment of error, the appellant asserts that the trial court made erroneous findings, pursuant to R.C. 2929.12(D), to support the maximum sentence. The appellant contends that the trial court's findings are not supported by the record and, therefore, are contrary to law.
R.C. 2953.08(G)(1) permits this Court to vacate a sentence and remand it to the trial court for the purpose of resentencing in the event that we clearly and convincingly find that the record does not support the sentence or that the sentence is otherwise contrary to law.
A sentence imposed for a felony conviction should be designed to meet the two overriding purposes of felony sentencing. The sentence should punish the offender and protect the public from future crime of the offender.[1] Additionally, the sentence must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes by similar offenders."[2] Pursuant to R.C. 2929.12, the sentencing court must also consider such factors as the seriousness of the offense, the likelihood of the offender's recidivism, and other factors the court finds relevant to achieving the purposes and principles of sentencing.
In the case of sexual battery, a felony of the third degree, the sentencing court must consider the applicability of factors set forth in R.C. 2929.13(B)(1) when determining the appropriate sentence. The Ohio felony sentencing law also requires a trial court to make various findings before it may properly impose a maximum sentence. R.C. 2929.14(C) states as follows:
 "Except as provided in division (G) of this section or in Chapter 2925 of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
This court has repeatedly held that "it is the trial court's findings under R.C. 2929.03, 2929.04, 2929.11, 2929.14, and 2929.19, which, in effect, determine a particular sentence and a sentence unsupported by these findings is both incomplete and invalid."[3] A trial court must strictly comply with the relevant sentencing statutes by making such findings of fact on the record at the sentencing hearing and, when required, must set forth its reasons for imposing a particular sentence.[4] Specifically, when a maximum sentence is imposed under R.C. 2929.14(C), the trial court must specifically state its reasons for imposing the maximum sentence.[5] When a statute requires the court to provide its reasons for imposing a sentence, as in the case of a maximum term, the court must make the applicable findings, and then provide a factual explanation setting forth the basis for those findings.[6]
In the instant case, the record indicates that the trial court properly considered all of the relevant statutes and made the required findings necessary to impose the maximum sentence. The court concluded that the appellant had committed the worst form of the offense and then stated its reasons for imposing the maximum sentence.
 "The Court: I am finding that the offender poses the greatest likelihood of committing a future crime, and in this particular case it is the worst form of the offense. The reason that I am making that finding is it is the Court's view that the conduct as described constitute [sic] a rape offense rather than a sexual battery offense. Therefore, I'm imposing the maximum term of five years * * *."
The trial court's finding came after the following exchange between the court and the appellant.
"Q. * * * You knew she was not 18?
"A. Yeah.
 "Q. You knew — Did you have any reason to believe that she wasn't 15?
 "A. I thought she was a little older than that because she was in high school and all but.
"* * *
 "Q. Are you suggesting that all of her actions on that day were voluntary concerning any sexual act that occurred?
"A. No.
 "Q. She did not want to have sex. Let me ask you this question. Did she want to have sexual intercourse with you that day?
 "A. She didn't say stop or nothing like that or scream no.
 "Q. Did she want to have sexual intercourse with you that day?
"A. She didn't say like let's do it or anything.
 "Q. Isn't it true, Mr. Dangler, that quite obviously she did not want to have sexual intercourse with you on that date?
"A. Yes.
 "Q. All right. And that you proceeded to forcefully have sexual intercourse, isn't that true?
"A. Yes."
The trial court found that the victim's injury (she has been in counseling and is on antidepressants) was exacerbated by her age, that being her age of 15 years, and that her relationship with the victim facilitated the offense.[7] Furthermore, the court found that the offense was committed while the appellant was released on bail for a prior offense, and that there was no genuine remorse shown by the appellant.[8]
As the court made the requisite findings and stated its reasons for imposing the maximum sentence, we find the sentence in accordance with the law. Therefore, the appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II The trial court committed an error of law by imposing consecutive sentences.
Under Ohio felony sentencing law, a trial court must make certain findings prior to sentencing a defendant to consecutive sentences. R.C.2929.14(E) states, in pertinent part:
 "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
Additionally, when a trial court imposes consecutive sentences, the trial court must state on the record its reasons for doing so.[9]
A thorough review of the record in this case reveals that the trial court made the necessary findings as required by R.C. 2929.14(E) at the sentencing hearing. Further, the court set forth the factual basis underlying its findings as required by R.C. 2929.19(B)(2)(c).
As the trial court made the requisite findings and stated its reasons for imposing consecutive sentences, the sentences are in compliance with the law.
Accordingly, the appellant's second assignment of error is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgments of the trial court.
Judgments affirmed.
SHAW, P.J., and WALTERS, J., concur.
[1] R.C. 2929.11(A).
[2] R.C. 2929.11(B)
[3] State v. Graphenreed (Oct. 22, 2001), Auglaize App. No. 2-01-17;State v. Bonanno (June 24, 1999), Allen App. Nos. 1-98-59 and 1-98-60;State v. Russell (March 13, 2000), Auglaize App. No. 2-99-38.
[4] Id.
[5] R.C. 2929.19(B)(2)(d).
[6] State v. Edmonson (1999), 86 Ohio St.3d 324.
[7] See R.C. 2929.12(B)(1) and (6).
[8] See R.C. 2929.12(D)(1) and (5).
[9] R.C. 2929.19(B)(2)(c); State v. Jones (2001), 93 Ohio St.3d 391,399.